## BANK OF MIDDLETOWN a. HUNTINGTON.

*Supreme Court, First District; General Term, January,* 1862.

JUDGMENT OF COURT OF SISTER STATE.—UNAUTHORIZED APPEAR-
ANCE.

In an action on a judgment recovered in the court of a sister State, the appearance
of the defendant, in the action in which such judgment was recovered, is suffi-
ciently proved, in the absence of evidence to the contrary, by the entry of the
attorney's name upon the record of the judgment.

When, by the practice of the court in which such judgment was recovered, ap-
pearances by attorney were indicated by the attorney's signing his name in the
docket opposite that of his client, and, by the law of such State, an appearance
for one of several defendants was equivalent to service upon all ;—*Held,* that a
name of a person, signed in the margin of the docket, followed by pleading by
him to the whole complaint, though without any addition of attorney, or any
statement as to which of several defendants he appeared for, was presumptive
evidence of an appearance for each.*

* There is a conflict in the cases, as to what is a sufficient appearance on behalf
of the party in such a case, to make a judgment valid against him here.

In Noyes *a.* Butler (6 *Barb.*, 613), it was *Held,* reluctantly, that an appearance,
under process of attachment of the party's goods, gives jurisdiction ; but the con-
trary view was taken in Pawling *a.* Wilson (13 *Johns.*, 192) ; and see Shumway *a.*
Stillman (6 *Wend.*, 447).

In Wilson *a.* Niles, it was *Held,* that a statute of the State in which such judg-
ment was recovered, making service on one of several partners equivalent to
service on all, and judgment against all on such service, valid against all, could
not be deemed to have given the court jurisdiction of a partner not served, who
was not then or afterwards within that State, and did not submit himself to the
jurisdiction of the court which rendered the judgment; and to similar effect is
Cunningham *a.* Pell (5 *Paige*, 607).

In Black's case (4 *Ante,* 162; S. C., 4 *Bradf.*, 174), a judgment founded on ser-
vice, under the statute of the State, made by leaving a copy at the defendant's
dwelling, was *Held,* valid ; in that case, however, there was some evidence that
the defendant had personal knowledge of the suit.

Though it is stated in the judgment-record that defendant appeared, he may
yet deny it. (Starbuck *a.* Murray, 5 *Wend.*, 148; Shumway *a.* Stillman, 6 *Ib.*,
447 ; Long *a.* Long, 1 *Hill*, 597 ; Noyes *a.* Butler, 6 *Barb.*, 613.)

But where the record does not show that the court acquired jurisdiction of the
person of the defendant, the plaintiff cannot prove, by parol evidence, in aid of
the record, that the court did obtain jurisdiction. (Noyes *a.* Butler, 6 *Barb.*, 613.)

If the judgment is entire and against several, and void as to one, for want of
service or appearance, it is said to be void as to all. (Holbrook *a.* Murray, 5
*Wend.*, 161.)

Bank of Middletown *a.* Huntington.

*It seems,* that the fact, that an appearance in a suit in a court of a sister State was unauthorized, is not a defence to an action on the judgment, but that the remedy is by application to the court in which the judgment was recovered.†

Appeal from a judgment.

This was an action on a judgment recovered in Pennsylvania. On the trial of the cause the plaintiffs produced and proved a Pennsylvania judgment-roll, and then rested their case.

. The judgment-roll showed that there was no personal service upon the defendants in Pennsylvania, but at one place in the margin appeared the words " D. W. Woods" against defendants' names. The judgment-roll recited, that on November 21, 1855, arbitrators were appointed, " there being no appearance for defendants." On December 5, 1855, they made their award against defendants; on December 22, " John C. Heuston, agent," appealed; on January 9, 1856, D. W. Woods "appears especially," and on April 8, 1856, Jonathan Robinson, one of the original defendants, but not one of those served in this action, made an affidavit of merits, and on the following day " Mr. Woods pleads *non assumpsit* and payment."

Defendants Huntington and Worthen moved for a dismissal of the complaint, which was granted. And the plaintiffs appealed.

*Phelps & Knevals*, for the appellants.

*Bliss & Barlow*, for the respondents.

BY THE COURT.—BARNARD, J.—The judgment-roll shows that on the 8th day of April, 1856, Jonathan Robinson, one of the defendants, swore to an affidavit of defence, stating therein that defendants have a just defence to $33 of plaintiff's claim ; and also shows that on the 9th of April, Mr. Woods pleads *non assumpsit* and payment; that a replication was filed, and the issue tried, and a verdict rendered for plaintiffs. The judgment-record also shows, that in the docket opposite the plaintiff's

† But compare Harrod *a.* Barretto (2 *Hall,* 302) ; Reed *a.* Pratt (2 *Hill,* 64). In Ward *a.* Barber (1 *E. D. Smith,* 423), it was *Held,* that it was no defence to an action on a judgment, recovered against the plaintiff in the action abroad for costs therein, that the action was brought in his name without his authority.

name is the word " Canda," and opposite the defendants' names the words "D. W. Woods."

The mode of appearance by attorney in Pennsylvania (where this judgment was recorded), is by the attorney writing his name on the docket opposite to the names of the parties for whom he appears.

We are bound to presume that in the State of Pennsylvania, as well as in the State of New York, no one can appear and plead a cause on behalf of a party to an action except an attorney duly admitted and authorized to practise in the court.

Mr. Woods not being a party to the action, and having pleaded to it, it follows that he must be regarded as such attorney.

It must also be presumed, that when an attorney pleads to the whole complaint, without it being stated in the record for what particular defendant he pleads, that he pleads for the whole.

An attorney appearing for all the defendants, must be deemed, *prima facie* at least, to have done so by authority of all the defendants. The judgment having been rendered after appearance on behalf of all the parties defendant by an attorney, it is valid for all purposes.

The questions as to whether the attorney had authority to appear or not, and as to whether if he had not such authority that matter is admissible in this action, do not arise on this appeal.

It is sufficient ground for reversal of this judgment, that the record shows an appearance on behalf of all the defendants by attorney.

Judgment reversed, and a new trial ordered. Costs to abide event.

CLERKE, P. J.—It is settled in Pennsylvania (Scott *a.* Israel, 2 *Binn.*, 145), where there are two or more defendants, and an attorney enters his name on the docket opposite the names of the defendants, this is a good appearance for all, though one of the defendants is not summoned. This is identical with the case before us, with the exception that the name of D. W. Woods is not followed by the word " attorney ;" but, for the reasons mentioned in the foregoing opinion, this omission does not vitiate the effect of Mr. Woods' name in the docket. If he appeared without authority, the remedy is by an application to the court

of Pennsylvania to open the judgment, as by an action against the attorney.

The judgment should be reversed, and a new trial ordered. Costs to abide event.

SUTHERLAND, J., concurred.